# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1296V
Filed: July 13, 2016
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MARY LANCIANI, | \* | |
| | \* | |
| Petitioner, | \* | Petitioner's motion to dismiss; |
| | \* | influenza ("flu") vaccine; |
| v. | \* | ataxia; bilateral nystagmus; |
| | \* | tremors; visual disturbances; |
| SECRETARY OF HEALTH | \* | significant aggravation; no |
| AND HUMAN SERVICES, | \* | medical expert support |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Mary Lanciani, Sterling, MA, *pro se*.
Linda S. Renzi, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On November 2, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine she received on October 15, 2012, caused her ataxia, bilateral nystagmus, tremors, and visual disturbances beginning on November 12, 2012. Pet. Preamble and ¶ 2.

Petitioner filed medical records received on June 2, 2016 which showed that before the

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access. Because this is a *pro se* case, the original decision contained the undersigned's signature, while the posted decision includes the undersigned's electronic signature.

flu vaccination petitioner complained of many of the symptoms she alleges the flu vaccine caused.  See med. recs. attachment 6, at 21.  In an Order dated June 2, 2016, the undersigned explained that petitioner would have to file a medical expert report stating that flu vaccine significantly aggravated these pre-vaccination symptoms.

On July 11, 2016, the undersigned held a recorded telephonic status conference during which petitioner orally moved to dismiss.

The undersigned **GRANTS** petitioner's motion to dismiss and **DISMISSES** the petition for failure to make a prima facie case of causation in fact.

## FACTS

### Pre-Vaccination Records

On October 15, 2012, petitioner saw Dr. Elizabeth Murphy to complain of persistent nausea and difficulty looking at a computer screen.  Med. recs. attachment 6, at 21.  Petitioner said she had gone bear hunting in the first week of October and was on a 90-mile drive from the lodge to the hunting area.  The roads were used by loggers and were quite bumpy.  She started to have a motion sickness-type sensation.  Since she returned from the bear hunting trip, she had persistent nausea.  Petitioner's history included Barrett's esophagus, cerebral artery aneurysm, gastroesophageal reflux disease, hyperlipidemia, hypertension, hypothyroidism, obesity, and polycystic kidney disease.  Dr. Murphy diagnosed petitioner with vertigo, and noted that petitioner would receive flu vaccine later that day.  Id.

### Post-Vaccination Records

On October 18, 2012, petitioner saw Dr. Richard Gacek complaining of vertigo.  She had the onset of constant vertigo earlier in October while on a hunting trip in Canada.  On the second day of travel over bumpy roads in a high-speed vehicle, petitioner began to get unsteady, dizzy, and nauseated, and she vomited, symptoms she had for weeks which were very severe.  Dr. Gacek diagnosed petitioner with unrelenting nonspecific labyrinthine hyperstimulation.

On December 5, 2012, petitioner saw Dr. Marcey Osgood to evaluate her vertigo, and told Dr. Osgood that her vertigo began in early October 2012 before she received the flu vaccine.  Med. recs. attachment 7, at 6.  Petitioner recounted her difficulties started at the beginning of October 2012 in Canada on a bear hunting trip.  Her symptoms mainly resolved later in October but began again in mid-November 2012.  Id.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a

showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for her flu vaccination, she would not have had ataxia, bilateral nystagmus, tremors, and visual disturbances, but also that flu vaccine was a substantial factor in causing her ataxia, bilateral nystagmus, tremors, and visual disturbances. Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999).

Moreover, there is no proof in the medical records that flu vaccination significantly aggravated petitioner's pre-vaccination symptoms. 42 U.S.C. § 300aa-33(4):

> The term "significant aggravation" means any change for the worse in a preexisting condition which results in markedly greater disability, pain, or illness accompanied by substantial deterioration of health.

The Vaccine Act does not permit the undersigned to rule for petitioner based on "the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1).

The undersigned **GRANTS** petitioner's motion to dismiss and **DISMISSES** this case for petitioner's failure to make a prima facie case under the Vaccine Act.

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated: July 13, 2016                                                                               s/ Laura D. Millman
                                                                                                                  Laura D. Millman
                                                                                                                  Special Master